[No. 22057. Department One. June 12, 1930.]

NORMAN W. CLEIN, *Appellant*, v. JOHN DUGUID *et al.*, *Respondents.*[1]

[1]Reported in 289 Pac. 15.

*Robbins & Rickles,* for appellant.

*Shank, Belt & Fairbrook, L. W. Barnard,* and *R. C. Hazen,* for respondents.

MILLARD, J.—Plaintiff brought this action to recover for damages to his automobile and for personal injuries resulting from a collision of his automobile with one owned by the marital community of John and Agnes Duguid. The affirmative defense was contributory negligence. The cause was tried to the court sitting without a jury, and resulted in a finding that the negligence of the plaintiff was the proximate cause of the collision. From a judgment dismissing the action, the plaintiff has appealed.

Appellant contends that there is only one intersection at the corner of Warren avenue and McGraw street, and that he is entitled to recover by reason of the fact that he had the right of way under the provisions of a city ordinance that one approaching a street intersection shall give the right of way to vehicles on his right simultaneously approaching a common point within the intersection, and whether such vehicle first reached and entered the intersection or not.

Respondents' position is that there are two distinct intersections at the point where the accident occurred; that the appellant cut the corner and was guilty of negligence, which was the proximate cause of the collision. Section 101 of the ordinances of the city of Seattle reads as follows:

"It shall be the duty of every person operating or driving any motor or other vehicle or riding or driving any animal along or over any street and approaching any intersection of a street, with the intention of turning thereat to the right to keep to the extreme right, and with the intention of turning thereat to the left, to proceed to and beyond the center of the inter-

section before turning, at the same time drawing gradually to the center of the street and giving cars following an opportunity to pass on the right.''

The accident out of which this action arose occurred about one p. m., November 5, 1928, in the city of Seattle at the intersection of McGraw street and Warren avenue, both public streets of that city. The appellant was driving north on Warren avenue at the legal rate of speed. The respondents' automobile was proceeding in an easterly direction on McGraw street, and entered the intersection of that street and Warren avenue at an unlawful rate of speed. Warren avenue and McGraw street are each twenty-five feet wide. The course of the former is north and south; of the latter, east and west. There is an overlap of five feet at the point where McGraw street intersects Warren avenue; that is, on the south side of McGraw street, the west curb line extended of Warren avenue is five feet east of the east curb line extended of Warren avenue on the north side of McGraw street. McGraw street, including the overlap of five feet, is fifty-five feet wide from the west curb line of Warren avenue to the east curb line of Warren avenue.

If there is only one intersection, the center thereof would be twenty-seven and one-half feet west of the extreme east line of Warren avenue, and twelve and one-half feet south of the north line of McGraw street. The front part of respondents' car collided with the rear portion of appellant's automobile at a point five to eight feet north of the south curb line of McGraw street, and from three to five feet west of the west curb line of that portion of Warren avenue on the south side of McGraw street forming the overlap. Stated another way, the collision occurred at a point thirty-five feet west of the extreme east line of War-

ren avenue and from five to eight feet north of the south line of McGraw street.

Whether there are two intersections or whether there is only one intersection, it is clear that the appellant was guilty of contributory negligence; that the proximate cause of the collision was the appellant's negligence in cutting the corner which bars recovery by him.

"Under the statutes and ordinances, it is the duty of a motorist, before turning to the left into an intersecting street, to pass to the right of the intersection of the centers of the ways, and a driver violating such statutory or municipal regulation, resulting in a collision with an automobile approaching on the intersecting street or coming from the opposite direction on the street which he is leaving, will in most jurisdictions, as a matter of law, be held liable for the injuries resulting from such collision, and will be precluded by reason of such violation from recovery for any such injuries.

"If the driver of a vehicle approaches the intersection with the intent to proceed into the intersecting street, and *starts at an angle which will place the center of the street on his right,* he violates such a regulation from the moment he begins to turn; it not being the mere passing of the center of the intersection on the driver's right which is rendered unlawful, but rather the very turning itself from the moment of its beginning. Under such a regulation, a vehicle intending to turn to the left must approach the intersection on the proper side of the street." Blashfield's Cyclopedia of Automobile Law, vol. 1, § 37, p. 513. (Italics ours.)

Appellant should have kept on the right side of the street. Granting he had the right of way, he had no right to cut in to the west. The duty to yield the right of way and the duty not to cut to the left are reciprocal. The appellant was to the left of the center of the whole space of the intersecting territory. If he had

414

proceeded as he was obligated to do by the city ordinance, or in the absence of an ordinance, as ordinary prudence would have dictated, and kept to the right, the accident would not have occurred. His negligence was the proximate cause of the collision, and he is guilty of contributory negligence as a matter of law.

Judgment affirmed.

MITCHELL, C. J., TOLMAN, BEALS, and PARKER, JJ., concur.