[No. 22487.   *En Banc.*   July 7, 1930.]

LESTER W. MARTIN, *Respondent*, v. CONRAD M. HADEN-
FELDT *et al., Appellants.*[1]

*Reynolds, Ballinger, Hutson & Boldt,* for appellants.
*John J. Kennett,* for respondent.
*Harold Preston, amicus curiae.*

TOLMAN, J.—This is an automobile collision case,
the accident having occurred at a street intersection in
the city of Seattle.  The case was tried to a jury, which
rendered a verdict in plaintiff's favor for $5,285.
From a judgment on the verdict, the defendants have
appealed.

It appears that the respondent was driving south on
Boren avenue, approaching Pike street from the north.
As he reached the north curb line of Pike street, he
slowed down to a speed of three or four miles per hour,

[1]Reported in 289 Pac. 533.

looked to his right down Pike street and saw two automobiles approaching on Pike street, but still west of the alley which bisects the block, and distant from the intersection, as the jury had a right to believe, as much as one hundred and ninety feet. These cars were so far away, and approaching so nearly head-on, that the jury could well have found that the respondent did not and could not estimate their speed with any degree of accuracy. Respondent glanced in the other direction to assure himself that no other traffic was approaching, shifted into second gear and proceeded to cross the intersection, speeding up so that he gained a speed of twelve to fourteen miles per hour by the time of the impact.

As he proceeded, and after his momentary glance to the left, he again looked to the right and found the appellants' car almost in the act of striking him, and so near that, almost instantly, and before he could act in any way, the collision occurred. While there is varying testimony as to the speed at which appellants' car approached, it does not seem to be seriously contended that its speed was not greatly excessive or far greater than the lawful rate, and the jury was privileged to find that appellants' car continued from the point where first seen at an excessive rate of speed, undiminished up to the instant of the impact.

Appellants' first contention is that the trial court erred in denying their motion for dismissal at the close of the testimony, based upon the showing of what is claimed to be contributory negligence on the part of the respondent in failing to accord the right of way to appellants' car approaching upon his right, in exceeding the speed limit and in not keeping an adequate lookout for cars approaching on his right; but, under the record here, none of these questions can be decided as a matter of law. The evidence as to all of them was so

far conflicting and susceptible of different interpretations and inferences as to make these questions all questions for the jury.

■ Appellant next assigns error upon the giving and refusal of instructions and as we understand the points raised and the argument presented these may all be resolved into a single question. The court gave an instruction as follows:

"You are instructed that two automobiles are 'simultaneously approaching a given point within a street intersection,' when, measuring from a given point within the intersection, they are at such a distance away from said point, and traveling at such a speed within the speed limits prescribed by law, that, continuing at said speed and without varying their course, they will necessarily collide. Under such circumstances, the law provides that the automobile on the left must yield the right of way to the car approaching from the right in order to avoid a collision. But, if the automobile on the left is proceeding at a lawful rate of speed and the automobile on the right is exceeding the speed limit, that is, traveling at a rate of speed in excess of 25 miles per hour, between intersections and in excess of 15 miles per hour, after reaching the intersection, then the automobile on the right is not 'simultaneously approaching a given point within the intersection' as that term is used in the law.

"Therefore, if, in this case, you find from a fair preponderance of the evidence that the plaintiff was approaching a point within the intersection at a lawful rate of speed, that the defendants' automobile was at the same time approaching the same point, and, by reason of the fact that it was being driven at an unlawful rate of speed, it would, if driven in an unvarying course, necessarily collide within the intersection with the automobile driven by the plaintiff, then the two automobiles were not 'simultaneously approaching a given point.'

"In other words, if you find by a fair preponderance of the evidence that, at the time the plaintiff started to cross said intersection, he was traveling at a lawful

rate of speed; and if you further find that the defend-
ants' automobile, if driven at a lawful rate of speed,
was sufficiently far away to enable plaintiff's auto-
mobile to cross the intersection safely, and plaintiff did
not know or could not readily ascertain that defend-
ants' automobile was traveling at an unlawful rate of
speed, then the plaintiff would not be guilty of con-
tributory negligence in so crossing or attempting to
cross said intersection, because under such circum-
stances there would be no duty to yield the statutory
right of ways.''

To this instruction appellants objected and ex-
cepted, and they proposed certain instructions giving
what they contend is the law on the subject, which were
by the court refused.

There seems to be some confusion in our cases upon
this subject, created or at least augmented by the re-
cently decided case of *Garrett v. Byerly*, 155 Wash.
351, 284 Pac. 343, in which it was said:

''The statute does not undertake to define the con-
ditions that will constitute a simultaneous approach,
but since it prescribes the speed at which vehicles may
be driven prior to and at the time of crossing inter-
secting highways, and prescribes the side of the road
on which the vehicles must be driven when so approach-
ing and crossing, it would seem clear that it contem-
plates a situation where the drivers of the vehicles are
driving on the prescribed side of the road and within
the prescribed speed limit. Stated conversely, vehicles
are not simultaneously approaching a given point
within the meaning of the statute when one or both
are being driven in violation of the statutory regula-
tions.''

While that case was rightly decided, a majority now
think the language quoted to be too broad and, if taken
literally and applied indiscriminately, that it will lead
to improper results.

The statute, Remington's 1927 Sup., § 6362-41, subd.
14, reads:

"Drivers, when approaching public highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not: Provided, this paragraph shall not apply to drivers on arterial highways."

This provision is only a part of the rules of the road, and the various other statutory elements must, so far as applicable, be read into it, and, by so doing, it seems to us that an instruction upon the subject should embody all of the following elements:

(1) All rights of way are relative, and the duty to avoid accidents or collisions at street intersections rests upon both drivers.

(2) The primary duty of avoiding such accidents rests upon the driver on the left, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times.

(3) If two cars collide within the intersection, then they were simultaneously approaching a given point within the intersection, within the meaning of the statute, unless—

(4) The driver on the left assumes and meets the burden of producing evidence which will carry to the jury the question of fact as to whether or no the favored driver on the right so wrongfully, negligently, or unlawfully operated his car as would deceive a reasonably prudent driver on the left and warrant him in going forward upon the assumption that he had the right to proceed.

This exception, or limitation, is perhaps best illustrated, by the familiar case, so often presented here (this particular case being a fair sample), of the driver on the left, as he approaches and is about to enter the intersection, seeing upon his right a car approaching, but at such a distance that, if driven within the lawful

rate of speed, it cannot reach the intersection until he has safely passed. It is a well known fact that one looking to his right at an approaching car under such circumstances sees it coming toward him practically head-on, and oftentimes cannot judge accurately of its speed. The necessity for the constant moving of traffic and that the intersection be not blocked in either direction requires the driver on the left to decide almost instantly whether to proceed or stop. If, acting as a reasonably prudent man, he makes such observations as he can, and there is nothing to warn him that the car approaching on the right is so far exceeding the speed limit as to endanger his progress, he must necessarily proceed in order to facilitate traffic. But if, on the other hand, there is anything in the situation which would warn a reasonably prudent driver that the car approaching on the right is out of control, or is so far exceeding the speed limit as to be actually within striking distance, then it is the duty of the driver on the left, notwithstanding the negligence and the violation of the law by the driver on the right, to yield the right of way in the interest of safety to all concerned.

Appellants and *amicus curiae* contend for a stricter rule, placing the entire burden upon the driver on the left, but such a rule is, we fear, entirely impracticable, because, at busy intersections, the driver on the left might wait indefinitely, blocking his street entirely, and giving successive on-coming drivers on his right unlimited use of the intersection to the entire exclusion of opposing traffic.

The rule we have attempted to lay down is, we think, in harmony with all of our cases on the subject except the *Garrett* case, *supra,* and, so far as that case conflicts, it is now expressly overruled.

The last part of the instruction quoted leans somewhat toward curing the vice of what precedes it, but

in a closely contested case the jury would be inclined to follow the erroneous mandatory directions of the instruction, rather than the somewhat parenthetical modification thereof which follows, and we therefore feel that appellant is entitled to a new trial in which the proper rule of law will be given to the jury.

The judgment is reversed with instructions to grant a new trial.

MITCHELL, C. J., MAIN, PARKER, BEALS, FRENCH, and MILLARD, JJ., concur.

HOLCOMB, J. (dissenting)—I dissent. The condemned instruction was correct under our decisions and the statutes applying thereto. As is said in the majority opinion, the last paragraph of the instruction leans somewhat toward curing the vice of what precedes it, and we have with some consistency, always held that instructions must be considered as entireties. In my opinion, the instructions as a whole completely covered the four elements laid down.

Nor do I consider the *Garrett* case too broad in expression.

FULLERTON, J. (dissenting)—I cannot concur in the foregoing opinion.

Of the four propositions specifically laid down for the guidance of automobile drivers at highway intersections, the first and second, while perhaps stated in language not heretofore used by the court, do not materially change the rules as we have announced them in other cases.

The third is entirely new, and is concededly contrary to our prior holdings. It is, in my opinion, also contrary to any just legal principle. In its effect, it announces the rule that a driver of an automobile on a public highway may deliberately and intentionally violate all of the rules of the road laid down by the

570

legislature for the guidance of such drivers and still claim the protection that is accorded to a driver who obeys the rules. This is, as I say, an entirely new principle. Certainly, this court has never heretofore so held, and, in so far as I am aware, no other court has ever so held. It may be thought that I misinterpret the language of the majority. But I cannot conceive that it can have any other meaning. As the majority note, we had heretofore held that, where two automobiles were approaching a highway intersection, they were not simultaneously approaching a given point in the intersection, within the meaning of that phrase as it is used in the statute, if one or both of the automobiles were exceeding the speed limit. In other words, we made a distinction between the literal meaning of the statutory words and their statutory meaning, and held that the statute had application to those only who obeyed the statute, not to those who violated it.

The majority are now pleased to say that our former interpretation of the statute was a mistaken one, and now hold that, if a collision occurs at the intersection, it conclusively proves that the automobiles were simultaneously approaching the intersection. If the change in the rule stopped here, it could be ignored, perhaps, as a mere useless quarrel over phraseology. But the majority do not so stop. They go further and hold that the further provisions of the statute apply to all situations where a collision occurs, and this regardless of the question whether one of the parties was or was not violating the statute. Stated in another way, they place the violator of the statute in the same situation he would have been placed had he not violated the statute. This, I repeat, is to hold that one who violates a prohibitory statute may claim the bene-

fit of the statute, and is contrary to any just, legal principle.

The fourth of the special propositions, when read in connection with illustrative matter which follows it, lays down a rule of evidence contrary to the rule as we have heretofore announced it.. In numerous cases, this court has held that, when a driver of an automobile on a highway approaches a highway intersection, looks to his right and sees an automobile approaching at a sufficient distance away to enable him to cross the intersection with safety if the approaching automobile is traveling within the speed limit, he may proceed across the intersection without being guilty of negligence. And we have further held that, if the approaching automobile exceeds the speed limit, and, because of so doing, strikes and injures him, he may recover for his injuries if he convinces the trier of the fact that such was the situation.

The majority now say that these rules are no longer applicable; they say that the driver of the automobile who violates the statute is the favored driver, entitled to the benefit of the rule of simultaneous approach, and that the injured driver has

". . . the burden of producing evidence which will carry to the jury the question of fact whether or no the favored driver on the right so wrongfully, negligently, or unlawfully operated his car as would de-. ceive a reasonably prudent driver on the left and warrant him in going forward upon the assumption that he had the right to proceed."

To me the rule the majority now lay down is not understandable. If it is not sufficient proof to warrant a recovery on the part of the driver on the left to show that there would have been no injury if the driver on the right had kept within the law, I can conceive of nothing which he can add thereto which would warrant

a recovery. In the situation presented in the present record, to which the majority apply the rule, there is nothing else that can be shown. The proofs exhaust the facts, and if they are not sufficient to permit a recovery, then in all such situations there can be no recovery against the wrongdoer.

The rule of the majority is also contrary to another rule this court has adopted and heretofore applied. We have held that one driver may presume that another driver will not violate the law, and may act on that presumption without himself being guilty of negligence. The majority say that this is no longer the rule; they say that

". . . if there is anything in the situation which would warn a reasonably prudent driver that the car approaching on the right . . . is so far exceeding the speed limit as to be actually in striking distance, then it is the duty of the driver on the left, notwithstanding the negligence and the violation of the law by the driver on the right, to yield the right of way . . ."

As a word of cautionary advice, perhaps no one could find fault with this statement. Drivers on the highways every day meet with the situation described and similar situations, and most of them prefer to wait a few seconds or minutes rather than to take the chance of being killed, or the chance of being confined for an indefinite time in a hospital. But that it is correct as a legal concept, I most emphatically deny. No correct rule or principle of law ever compels one person to sacrifice his rights or his property to the violators of the law, and no correct principle of law prohibits him from recovering from the law violator for injuries he may suffer by the acts of the law violator merely because he refuses to make the sacrifice.

The judgment, in my opinion, should be affirmed.