[No. 25781. *En Banc.* March 23, 1936.]

WILLIAM NIENAU, *Appellant*, v. H. D. KELSEY
*et al., Respondents.*[1]

*Frank M. Egan* and *George F. Ward,* for appellant.

*J. Speed Smith* and *Henry Elliott, Jr.,* for respondents.

MITCHELL, J.—William Nienau brought this action against H. D. Kelsey *et al.,* to recover judgment for the negligent killing of plaintiff's minor son in an automobile collision at a street intersection in Seattle. By answer to the complaint, it was charged that the collision was the result of contributory negligence on the part of the decedent. Trial to the court without a jury resulted in a finding of fact that the collision was caused by the negligence of the drivers of both automobiles. The plaintiff has appealed from a judgment dismissing the action.

The defendant's negligence, as found by the trial court, consisted in approaching and driving into the intersection at an excessive rate of speed, approxi-

[1]Reported in 55 P. (2d) 1063.

mately forty miles an hour. This is conceded on the part of the defendants, respondents.

The accident occurred in daylight. The decedent was going east on east John street, as he approached the intersection and within it, at fifteen miles an hour. Kelsey, the driver of the other car, was going north on the east side of Twenty-eighth avenue north.

The two streets cross at right angles and form the intersection in which the collision occurred. Kelsey was the favored driver, under Rem. Rev. Stat., § 6362-41 [P. C. § 196-41], subd. 14, which reads:

"Drivers, when approaching public highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not: Provided, this paragraph shall not apply to drivers on arterial highways."

Neither of the streets in question was an arterial highway. When the collision occurred, the decedent's car was north of the center of east John street, and all of his automobile, except the rear six feet, had gotten beyond the east curb line, extended, of Twenty-eighth avenue north.

Twenty-eighth avenue north is paved thirty feet between curbs, and east John street is paved twenty-five feet between curbs. Southwest of the intersection the corner is obstructed by a wall, with shrubs on top of it, the wall being fifteen feet west of the curb on Twenty-eighth avenue north and fourteen feet south of the curb on east John street.

Going east, as the decedent was, upon reaching a point sixteen feet west from the west sidewalk line of Twenty-eighth avenue north—fifty to sixty feet from the place at which the collision occurred—one could see a car on Twenty-eighth avenue north fifty-eight

feet south of the south curb line, extended, of east John street—which point would be approximately seventy feet south of the point at which the collision occurred. From a point at the west edge of the sidewalk on the west side of Twenty-eighth avenue north, which is thirteen feet west from the intersection, one had a clear view for several blocks south on Twenty-eighth avenue north.

The decedent's automobile, going fifteen miles an hour, could be stopped in a distance of twenty-two feet, according to the testimony and finding. Physical facts and disinterested testimony showed that the collision happened north of the center of east·John street, decedent's left-hand side of the street, and that, commencing about or near the west side of the intersection, decedent commenced to turn his car to his left, or the wrong side of the street on which he was traveling.

▉ Respondent had the right of way under the terms of the statute.

"The primary duty of avoiding such accidents rests upon the driver on the left, which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times." *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533.

The finding and judgment of the trial court were that the decedent failed to measure up to that rule, amounting to negligence on his part that constituted one of the proximate causes of the collision resulting in the decedent's death.

The evidence, as we view it, preponderates in favor of the finding.

Judgment affirmed.

MILLARD, C. J., MAIN, BEALS, TOLMAN, HOLCOMB, and GERAGHTY, JJ., concur.

BLAKE, J. (dissenting)—It is presumed that the deceased exercised reasonable care. This presumption

is supported by the evidence in the fact that when he entered the intersection he was traveling at the rate of fifteen miles an hour. He had almost cleared the intersection when the Kelsey car struck the rear of his. Obviously he did everything he could to get out of Kelsey's way, because he veered to the left just before the collision.

On the other hand, Kelsey was traveling on a nonarterial highway, at a most reckless rate of speed, in wanton disregard of the rights of other travelers. While he had the "right of way," it was a right which he was bound to exercise lawfully, without wanton injury to others who were lawfully in the street. To my mind, it is a perversion of the theory of "the right of way" at street intersections, to exculpate the driver of an automobile who maims or kills another traveler, under such facts as are disclosed by the record in this case.

I dissent.

STEINERT, J., concurs with BLAKE, J.