[No. 27133. Department Two. November 14, 1938.]

ERICK LEVINE, *Appellant,* v. A. A. OWEN LUMBER COMPANY *et al., Respondents.*[1]

[1]Reported in 84 P. (2d) 353.

*Koenigsberg & Sanford,* for appellant.

*Ralph S. Pierce, A. B. Jackson, Jr.,* and *Gordon H. Sweany,* for respondents.

GERAGHTY, J.—This action was instituted by the plaintiff to recover for personal injuries sustained in an automobile accident, alleged to have been caused by the negligence of the defendants. The cause was tried to a jury. At the close of the evidence, the defendant A. A. Owen Lumber Company was dismissed from the action. A verdict in favor of the other defendants was returned by the jury. From a judgment of dismissal entered upon the verdict, the plaintiff appeals.

The accident occurred about 8:45 on the morning of November 12, 1936, at the intersection of Greenwood avenue and 120th street, beyond the north limits of the city of Seattle. Greenwood avenue, a north and south highway, has a twenty-foot pavement in the center, with fourteen-foot graveled shoulders on either side; 120th street runs east and west, and is surfaced with gravel.

On the morning in question, the appellant was driving a Model T Ford in a northerly direction, on Greenwood avenue, toward a destination necessitating his making a left turn into 120th street. He testified that, as he approached the intersection, he slackened his speed to ten miles an hour; that he looked at his mirror for northbound traffic, slackened his speed to five miles an hour as he entered the intersection, looked north for oncoming cars from that direction, and, seeing none, proceeded westerly. After he had reached a point where his car was half off the pavement, he looked again and saw a car approaching from the north, some thirty feet away. He turned his car to the left to avoid a collision, but failed. The oncoming

vehicle, a wrecking car, having in tow a Dodge truck, crashed into the front right side of the Ford and carried it for a distance of some seventy feet south, on the westerly shoulder of Greenwood avenue. The driver of the tow car, in an effort to avoid a collision, turned slightly to the right and was partly off the paved way and on the graveled shoulder, at the point of impact. The left front wheel of the towing car struck the right front wheel of the Ford behind the hub. A rut in the graveled shoulder fairly well defined the course of the cars from the point of impact to where they came to rest.

The morning was foggy, but witnesses differed as to its density. The appellant testified that he could not see beyond a hundred feet; other witnesses testified to a visibility of a hundred feet or more. A state patrolman, who reached the intersection shortly after the accident, testified that cars could be seen for three hundred and fifty feet or more.

The respondents had pleaded contributory negligence on the part of the appellant, in that he cut the corners in turning within the intersection, and, being the disfavored driver, failed to keep a proper lookout for oncoming traffic from the north.

The jury would have been warranted, upon the evidence, in finding the appellant guilty of contributory negligence in both respects. The undisputed testimony shows that the appellant commenced to turn in a northwesterly direction, after entering the intersection, and considerably south of the center line of 120th street; and there was evidence tending to show that, in his progress westward, he had never crossed to the north of the center line. Some of his own witnesses testified that the point of collision was six feet or more south of the center, although his position, at the point of impact, might be accounted for, in part,

by the effort which he testified he made to turn to the left to avoid the collision.

The only errors assigned by the appellant are based upon certain instructions given by the court, and the court's refusal to give certain instructions requested by him.

■ ■ Instruction No. 12, given by the court and not excepted to by the appellant, was as follows:

"If you find from a preponderance of the evidence that, at and prior to the time of the collision, plaintiff was making or had made a left or west turn in Greenwood Avenue and that the defendant's tow car and truck was then approaching from the north, or plaintiff's right-hand side, defendant's said tow car and truck had the right of way over plaintiff's automobile, and it was plaintiff's duty to look out for and give it such right of way.

"If you should find from a preponderance of the evidence that under these circumstances plaintiff failed to look out for and give the right of way to defendant's tow car and truck, as the statute requires, and that such failure, if any, caused or to any material degree contributed to the occurrence of the collision, this would constitute contributory negligence on plaintiff's part such as to wholly bar him from any recovery in this case.

"You are instructed that the right of way given by the statutes of this state to cars on the right is not an absolute one, but is a relative one. Such right of way does not relieve the driver of the car on the right from the duty of driving in a reasonably careful and lawful manner, but there is at all times a duty imposed upon the driver upon the right to drive his car in a reasonably careful and prudent manner under the existing circumstances and to at all times exercise reasonable care and caution to avoid colliding with vehicles crossing the intersection from his left or making a left turn therein, and if he does not do so, then he would be guilty of negligence."

It will be noted that the last paragraph of this in-

struction conformed to the rule announced in *Martin
v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533.

The court gave another instruction, No. 15, as fol-
lows:

"It appears from the undisputed evidence in this
case that Greenwood Avenue, at its intersection with
120th Street, is composed of a strip of pavement ap-
proximately twenty feet in width, which strip of pave-
ment is divided into two lanes, one for north-bound
traffic and the other for south-bound traffic, and that
on either side of said strip of pavement there is a dirt
or gravel shoulder approximately fourteen feet in
width.

"Now in this connection, you are instructed that a
person traveling south on the paved portion of Green-
wood Avenue would have the right of way over a per-
son traveling north on said avenue and intending to
make a left turn at 120th Street, not only on the west
half of the pavement, but also on the adjoining gravel
portion of the intersection. So in this case I instruct
you that, if the plaintiff approached the intersection
here in question from the south and then endeavored
to make a left turn onto 120th Street while the de-
fendant's towing truck was approaching from the
north, then the defendant's towing truck had the right
of way over the plaintiff's automobile, not only on the
west half of the pavement of Greenwood Avenue, but
also on the adjoining gravel portion of the intersec-
tion.

"Now in this connection, I instruct you that if the
plaintiff, under such circumstances, failed to season-
ably yield the right of way to the defendant's towing
truck, either on the pavement or upon the adjoining
gravel portion of the intersection, then and under such
circumstances the plaintiff would be guilty of negli-
gence, and if such negligence caused or materially
contributed to the accident, then it would be your duty
to return a verdict in favor of the defendants and
against the plaintiff."

The appellant assigns error upon this instruction,
particularly the last paragraph, contending that, with-

out the qualification contained in the last paragraph of instruction No. 12, it amounted to a directed verdict for the respondents.

The instructions given by the court must be read, of course, as a whole. Instruction No. 12, admittedly, was a correct statement of the law; instruction No. 15 was a correct statement as far as it went. In reading instruction No. 15, it is apparent that the court had in mind, and it is to be assumed that the jury would have in mind, what was said in instruction No. 12. The respondents urge, and we think correctly, that the court's purpose in giving instruction No. 15, which covered, in large part, what had already been given in No. 12, was to inform the jury that, in considering the relative rights of the parties at the intersection, as stated in No. 12, the graveled part of the intersection, as well as the paved part, was governed by the rule of law which the court had given with respect to the movement of traffic within the intersection.

The court charged the jury that they were to consider the instructions as a whole and not pick out any particular instruction and place undue emphasis on it. It is to be noted, too, that the last paragraph of instruction No. 15 informs the jury that, if the appellant "failed to seasonably yield the right of way," he would be negligent, if such negligence "materially contributed to the accident." To "seasonably yield the right of way" means, of course, to yield it under the conditions referred to in the earlier instruction. We agree with what the trial court said, in passing upon the motion for a new trial, that "counsel is not entitled to pick out a particular instruction as the actual cause for the verdict of the jury."

In connection with the relative rights of the parties in the intersection, the court, in instruction No. 16, charged the jury that one driving upon a public high-

way has the right to assume and expect that other users of the highway will drive their vehicles with reasonable care and without violation of the statutory rules of the road; that the appellant had the right to assume that cars approaching from the right at the intersection would be driven at a reasonable and lawful rate of speed, and that their drivers would maintain a reasonable lookout and have their vehicles under reasonable control.

█ The appellant's requested instruction No. 20, refused by the court, had to do with the relative rights of the parties at the intersection, and is fully covered by other instructions given by the court.

█ The court gave an instruction, No. 10, as follows:

"It is provided by statute in this state that it shall be the duty of every person operating or driving a motor vehicle upon a highway and approaching an intersection of any other road or highway with the intention of turning thereat to the left, to proceed to any point beyond the center of the intersection before turning.

"Therefore, if you should find from a preponderance of the evidence that plaintiff, in making his turn to the left, or west, from Greenwood Avenue into North 120th Street, *commenced his turn at any point south of the center of said intersection, and that his so doing caused, or to any material degree contributed to cause, the collision, he would be guilty of such contributory negligence.*" (Italics ours.)

Appellant excepted to this instruction, his criticism being directed specifically to the italicized portion of the last paragraph. Rem. Rev. Stat., § 6362-41 [P. C. § 196-41], subd. 10, is as follows:

"It shall be the duty of every person operating or driving any motor or other vehicle or riding or driving any animal along or over any public highway and approaching any intersection of a street, road or highway, with the intention of turning thereat to the right,

to keep to the extreme right, and with the intention of turning thereat to the left to proceed to any point beyond the center of the intersection before turning . . . "

The instruction would seem to be in conformity with this provision. The requirement that a driver intending to make a left turn at the intersection must proceed "to any point beyond the center of the intersection before turning," implies, as the instruction states, that he must not commence to turn south of the center.

In *Clein v. Duguid,* 157 Wash. 410, 289 Pac. 15, the court quoted, with approval, from 1 Blashfield's Cyclopedia of Automobile Law, 513, § 37, as follows:

" 'If the driver of a vehicle approaches the intersection with the intent to proceed into the intersecting street, and *starts at an angle which will place the center of the street on his right,* he violates such a regulation from the moment he begins to turn; it not being the mere passing of the center of the intersection on the driver's right which is rendered unlawful, but rather the very turning itself from the moment of its beginning. Under such a regulation, a vehicle intending to turn to the left must approach the intersection on the proper side of the street.' "

█  Finally, the appellant complains of the court's refusal to give his proposed instruction No. 3, on proximate cause.

The question was fully covered by the other instructions, particularly by instruction No. 10, which informed the jury that, to find the appellant guilty of contributory negligence for an improper turn to the left, they must also find that his violation of the rule of the road "caused, or to any material degree contributed to cause, the collision."

The jury having found the facts in favor of the respondents, after being fairly charged by the court on

the law, the judgment entered upon the verdict should be affirmed.

STEINERT, C. J., BEALS, MILLARD, and SIMPSON, JJ., concur.