[No. 31804.  Department One.  October 4, 1951.]

GEORGE FORTIER *et al., Appellants,* v. EBERT HERRON *et al., Respondents.*[1]

[1] Reported in 235 P. (2d) 1005.

*Tonkoff & Holst,* for appellants.

*Olson & Palmer* and *John Wm. McArdle,* for respondents.

PER CURIAM.—The disfavored driver in an intersection collision sought to recover damages from a driver having the right of way. The jury brought in a verdict in favor of the defendant, the favored driver, and a judgment of dismissal was entered. The plaintiff appeals, making six assignments of error, all relating to instructions given by the trial court.

■ We find no prejudicial error in the instructions complained of, but, in any event, it is unnecessary to discuss them because, on the basis of appellant's own testimony, he was guilty of contributory negligence as a matter of law. Submitting the case to the jury was no more than a gesture by the trial court; any verdict for the plaintiff must of necessity have been set aside on proper motion.

The cars involved in this collision were approaching an intersection simultaneously, within the meaning of the statute giving the driver on the right the right of way (Rem. Rev. Stat., Vol. 7A, § 6360-88 [P.P.C. § 295-27]) unless:

"The driver on the left assumes and meets the burden of producing evidence which will carry to the jury the question of fact as to whether or no the favored driver on the right so wrongfully, negligently, or unlawfully operated his car as would deceive a reasonably prudent driver on the left and warrant him in going forward upon the assumption that he had the right to proceed." *Martin v. Hadenfeldt,* 157 Wash. 563, 567, 289 Pac. 533.

■ The right-of-way rule is sound and salutary. The disfavored driver here did not meet the burden referred to. There was no evidence of any deception by the favored driver; the appellant, the disfavored driver, did not even see the favored driver until he was from three feet to six inches away. When appellant drove through a dust-enshrouded intersection instead of waiting a minute for the dust to settle, he took a calculated risk. If he was deceived, it was self-deception.

The judgment of dismissal is affirmed.