[No. 34612.  Department One.  January 2, 1959.]

FRANK BULZOMI et al., Appellants, v. HAZEL C. SWANK et al., Respondents.[1]

Clifford C. Benson, for appellants.

Rosling, Williams, Lanza & Kastner, Joseph J. Lanza, and John M. Clarke, for respondents.

FINLEY, J.—This action was brought by plaintiffs to recover damages for injuries sustained by them as the result of an automobile collision.  Plaintiffs' case consisted of three

[1]Reported in 333 P. (2d) 677.

causes of action. The first and second were on behalf of Frank Bulzomi and Patricia Bulzomi, his wife. The third cause was brought by Patricia Bulzomi, as guardian *ad litem* for her minor daughter, Barbara Bulzomi, to recover damages for personal injuries suffered by Barbara. The defendants cross-complained.

Plaintiff Frank Bulzomi, driving his car south on Wallingford street in Seattle, was approaching north Forty-sixth street. Patricia and Barbara Bulzomi were passengers. At this location, Wallingford is thirty feet wide, and the legal speed limit is twenty-five miles per hour. Defendant, the disfavored driver, was driving her car west on north Forty-sixth street at approximately twenty miles per hour. The legal speed limit for her car was ten miles per hour. There were no traffic controls at the intersection of Wallingford and north Forty-sixth.

Just as the defendant entered the intersection, she looked to her right and saw plaintiffs' car on Wallingford, about one-half block away from Forty-sixth street. She testified that she assumed she had ample time to get through the intersection before plaintiffs' car got to it. She did not look to her right again before the collision. When the defendant had practically cleared the intersection, her car was struck on the right side by plaintiffs' automobile. The plaintiff, Frank Bulzomi, did not see defendants' automobile until an instant before the impact.

The jury returned a verdict only in favor of Patricia Bulzomi, as guardian *ad litem* for Barbara Bulzomi, in the sum of ten dollars. Plaintiffs' motion for a new trial was denied as to the first and second causes of action, but was granted as to the third cause of action unless the defendant filed her consent to increase the verdict to $260. Defendant consented to this increase, and judgment was entered. Plaintiffs have appealed.

The substance of appellants' assignments of error is that there was no evidence from which the jury could conclude that appellants were negligent, and that the trial court should have dismissed and withdrawn from the consideration of the jury respondents' cross-complaint. Further, the

appellants assign error to instruction No. 9-A, given by the trial court.

These assignments of error may be considered together. Instruction No. 9-A reads:

"The favored driver cannot proceed blindly into an intersection ignoring a vehicle which may be in the intersection, but such favored driver is required to use ordinary care to avoid a collision either by stopping his vehicle if he can do so by the exercise of reasonable care or by swerving his vehicle to one side or the other if he has reasonable time and opportunity to do so. The favored driver cannot take the right of way when he sees, or in the exercise of reasonable care should see, that to do so will inevitably result in collision, if he has time and opportunity to avoid the collision."

■■ From the evidence, the jury was entitled to find that the appellant, Frank Bulzomi, even though he testified to the contrary, was operating his car at an unlawful rate of speed. Instruction No. 9-A was a proper statement of the law under the facts herein and the decision in *Martin v. Hadenfeldt* (1930), 157 Wash. 563, 289 Pac. 533.

Respondents have not appealed on their cross-complaint, but they are seeking to have this court reinstate the jury award of only ten dollars for the minor child.

RCW 4.76.030 provides:

"If the trial court shall, upon a motion for new trial, find the damages awarded by a jury to be so excessive or inadequate as unmistakably to indicate that the amount thereof must have been the result of passion or prejudice, the trial court may order a new trial or may enter an order providing for a new trial unless the party adversely affected shall consent to a reduction or increase of such verdict, and if such party shall file such consent and the opposite party shall thereafter appeal from the judgment entered, the party who shall have filed such consent shall not be bound thereby, but upon such appeal the supreme court shall, without the necessity of a formal cross-appeal, review de novo the action of the trial court in requiring such reduction or increase, and there shall be a presumption that the amount of damages awarded by the verdict of the jury was correct and such amount shall prevail, unless the supreme court shall find from the record that the damages awarded in such verdict by the jury were so excessive or so inade-

quate as unmistakably to indicate that the amount of the verdict must have been the result of passion or prejudice."

As a result of this collision, Barbara Bulzomi, the minor child, received a cut on her head, leaving a scar the size of a pinprick. She suffered no appreciable ill effects from this injury. Under the facts, the jury was entitled to find that her injuries were inconsequential, and an award of nominal damages was not unmistakably the result of passion or prejudice. *McUne v. Fuqua* (1954), 45 Wn. (2d) 650, 277 P. (2d) 324.

The verdict of the jury in the sum of ten dollars should be re-instated, and in all other respects the judgment should be affirmed. It is so ordered.

HILL, C. J., MALLERY, OTT, and HUNTER, JJ., concur.