[No. 34970.    Department One.    February 25, 1960.]

CURT WILKINSON, *Respondent,* v. ROBERT D. MARTIN *et al., Appellants.*[1]

[1]Reported in 349 P. (2d) 608.

*Davies, Pearson, Anderson & Pearson* (*Wayne J. Davies,* of counsel), for appellants.

*Paul W. Robben* and *Burton C. Waldo,* for respondent.

DONWORTH, J.—This cause arose from an automobile collision which occurred on the morning of August 20, 1957,

near the intersection of Glendale Way and Myers Way in King county, Washington.

Plaintiff, the disfavored driver, sought to recover for personal injuries and damages to his car. Defendant, who was traveling towards Seattle on the arterial highway, cross-complained for personal injuries and damages to his car. Each party denied the material allegations of the other. For convenience, we shall refer to defendants in the singular.

The case was tried before the court, sitting with a jury. Defendant challenged the sufficiency of plaintiff's evidence at the close of plaintiff's case and again at the close of all the evidence. Both challenges were denied. Defendant's motion for a directed verdict at the close of the case was also denied. The cause was thereupon submitted to the jury, which returned a verdict for plaintiff in the sum of $8,500. Defendant's motion for judgment n.o.v. or, in the alternative, for a new trial, was denied. Judgment was entered on the verdict and defendant's cross-complaint was dismissed. This appeal by defendant follows.

Appellant assigns error to the denial of his motion for judgment n.o.v. or, in the alternative, for a new trial; the denial of his motion for a directed verdict; the denial of his challenge to the sufficiency of respondent's evidence which was renewed at the close of appellant's case; the giving of certain instructions and the refusal to give certain requested instructions; the failure of the court to adequately submit appellant's theory of the case to the jury, and the court's refusal to admit certain expert testimony.

Appellant's sole argument in support of those assignments relating to the denial of his various motions is that respondent was contributorily negligent as a matter of law. Thus, in passing upon this contention, the following quotation from *Shook v. Bristow,* 41 Wn. (2d) 623, 250 P. (2d) 946 (1952), is directly in point:

"In considering appellant's argument, we bear in mind the following rules: (1) That the question whether there has been negligence or contributory negligence is one for the jury unless the facts are such that all reasonable men must draw the same conclusion from them, in which event

the question is one of law for the court; (2) that a motion for a directed verdict or for judgment notwithstanding the verdict admits the truth of respondent's evidence and all inferences that reasonably can be drawn therefrom and requires that the evidence be interpreted most strongly against appellant and in the light most favorable to respondent. *Neel v. Henne,* 30 Wn. (2d) 24, 190 P. (2d) 775, and cases cited."

Interpreting the evidence in the light most favorable to respondent, the following facts appear:

Myers Way is a paved, three-lane, arterial highway with one northbound lane and two southbound lanes. The northbound lane proceeds downhill and, immediately to the north of the intersection with Glendale Way, curves to the left. Glendale Way intersects the east side of Myers Way at approximately a right angle. At the particular intersection involved herein there is a stop sign to control traffic entering Myers Way from Glendale Way.

On the morning of the accident, appellant was northbound on Myers Way driving a 1954 Buick convertible. The pavement was dry and the visibility good. Respondent, intending to proceed south on Myers Way, entered the intersection westbound from Glendale Way in his 1951 Hudson sedan. The collision occurred somewhere within the southbound lanes. The left front side of appellant's car collided with the left front side of respondent's car.

Respondent testified that he stopped at the intersection, looked left, and saw nothing approaching on Myers Way; that he then looked right and saw southbound cars about 200 feet away; that he then pulled out into the intersection and, when he was about at the dividing line between the north and southbound lanes on Myers Way, he looked left again and for the first time saw appellant's car somewhere between 200 to 300 feet distant; that when appellant was about 100 feet away his car began to cross over into respondent's lane. The impact occurred in the inside southbound lane, and the jury could have found that all of appellant's car crossed the center line and hit respondent's car virtually head on.

The maximum lawful speed on Myers Way was 35 miles per hour. Appellant's speed was estimated by two independent eyewitnesses as being between 50 and 60 miles per hour.

Appellant argues that respondent failed to yield the right of way to traffic on Myers Way, an arterial highway. The applicable statute is RCW 46.60.170, which reads in part:

"The operator of a vehicle shall stop as required by law at the entrance to any intersection with an arterial public highway, and having stopped shall look out for and give right of way to any vehicles upon the arterial highway *simultaneously approaching a given point within the intersection,* whether or not his vehicle first reaches and enters the intersection." (Italics ours.)

Appellant contends that respondent violated this statute, which constitutes negligence *per se,* and that such negligence was a proximate cause of the accident.

At the trial of this cause, respondent proceeded under the theory that he had a "reasonable margin of safety," which is the second of four rules of the road set forth by this court in *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533 (1930).

Appellant argues that this rule has no application to the facts of this case, as the rule necessarily implies that the disfavored driver must either see the automobile approaching on the arterial or see a specific distance of unoccupied highway before he can determine that he has a reasonable margin of safety. It is then pointed out that, under respondent's own testimony, he did not see either appellant's automobile or a specific distance of unoccupied highway before he entered the intersection.

Appellant's position is well taken. It appears that respondent had an unobstructed view to his left, up Myers Way, of approximately one fourth of a mile, and that appellant was within this range at the time in question. Thus, we must view the situation as though respondent had seen appellant when respondent first pulled out into the intersection. A disfavored driver cannot escape the obligation which rests upon him by saying that he did not see an approaching automobile if such automobile was on the highway and plainly visible. *Hefner v. Pattee,* 1 Wn. (2d) 607, 96 P. (2d)

583 (1939). Since this collision occurred within the intersection, the respective automobiles were "simultaneously approaching a given point within the intersection, within the meaning of the statute." *Zorich v. Billingsley*, 52 Wn. (2d) 138, 324 P. (2d) 255 (1958), and cases cited. It was, therefore, the primary duty of respondent to avoid this accident by looking out for and yielding the right of way to appellant, the favored driver, as required by RCW 46.60.170. In failing to perform that duty, respondent must be held guilty of contributory negligence, as a matter of law, which proximately caused this accident, unless he can bring himself within the exception enunciated in the fourth rule of the *Hadenfeldt* case, *supra*.

With reference to the fourth rule of the *Hadenfeldt* case, *supra*, we said, in *Hauswirth v. Pom-Arleau*, 11 Wn. (2d) 354, 119 P. (2d) 674 (1941):

" . . . The exception referred to in the *Hadenfeldt* case, *supra*, presupposes a situation where the disfavored driver sees or has the opportunity of observing the favored vehicle and is deceived by the actions of the driver of that vehicle. . . . [Citations omitted.]"

See, also, *Smith v. Laughlin*, 51 Wn. (2d) 740, 321 P. (2d) 907 (1958).

■ Respondent does not, nor can he, contend that he was deceived by the actions of appellant, as he testified that he did not see appellant prior to proceeding into the intersection. One cannot be deceived by that which he does not see. *Smith v. Laughlin*, *supra*, and cases cited.

■ Since respondent does not come within the exception of rule 4 of the *Hadenfeldt* case, *supra*, he must be held guilty of contributory negligence, as a matter of law, and the trial court committed error in submitting this issue to the jury.

The only matter requiring further disposition is whether the factual question of appellant's negligence was presented in a proper manner.

Appellant contends that he was entitled to a special instruction that the emergency doctrine applied to him alone.

■   Appellant did not plead or contend that he was faced with an emergency and, by his answer, he denied crossing over into respondent's lane of travel. Under these circumstances, it was not error for the trial court to refuse appellant's requested instruction on the emergency doctrine.

Finally, it is contended that the court committed error in refusing to admit certain testimony of expert witnesses.

■   Appellant offered to prove, by state patrolman Crozier, who investigated the accident, the point of impact between the two automobiles. This, the court allowed him to do. However, the court refused to allow Crozier to state his opinion, based upon the lack of skid marks, the damage to the automobiles, and their positions after impact, as to the relative speeds of the automobiles just prior to impact.

The exclusion of such testimony was not error. Pictures showing the damage to and positions of the automobiles were in evidence, and there was the testimony of independent eyewitnesses as to the speed factor. To permit expert testimony as to the speed under these circumstances would amount to a usurpation of the jury's function. *Montgomery v. Hyatt*, 46 Wn. (2d) 468, 282 P. (2d) 277 (1955); *Ewer v. Johnson*, 44 Wn. (2d) 746, 270 P. (2d) 813 (1954). The case of *Knight v. Borgan*, 52 Wn. (2d) 219, 324 P. (2d) 797 (1958), cited by appellant, is no authority for permitting such testimony. We held in that case that it was error to exclude the opinion of an expert witness, *based upon tire skid marks* of a certain length, as to the speed of an automobile because the significance of such skid marks was not a matter of such general knowledge as to be within the common experience of laymen.

In the case at bar, there were no skid marks upon which an opinion of speed could be based. As stated in *Ewer v. Johnson, supra*:

" . . . The only reason for permitting expert opinion evidence is to assist and advise the trier of facts in instances where the subject of the testimony is beyond the understanding of an ordinary person. *In this case the jury could have drawn their own conclusions from the pictures introduced and from the testimony of witnesses as to the location*

*and extent of the damages to the cars. . . . "* (Italics ours.)

The judgment of the trial court is reversed with directions to dismiss the action.

WEAVER, C. J., MALLERY, OTT, and HUNTER, JJ., concur.

---

May 4, 1960. Petition for rehearing denied.

