[No. 35743.   Department One.   March 16, 1962.]

WILLIAM W. PARKS et al., Respondents, v. IRVING FARBER et al., Appellants.*

Gordon, Goodwin, Sager, Hicks & Thomas, for appellants.

Edwin R. Johnson, for respondents.

FOSTER, J.—In an automobile collision case, the defendants in the trial court appeal from a judgment for the disfavored driver and his wife, respondents William W. Parks and Grace Parks.[1]

The accident occurred at a nonarterial, uncontrolled, right-angle intersection in Tacoma. Appellant Stanley Farber, a minor and the driver of the appellants' car[2] was the favored driver. RCW 46.60.150.[3]

* Reported in 369 P. (2d) 836.

[1] Mrs. Parks joined as a plaintiff, but, because she is not an actor, is not referred to.

[2] The car belonged to the parents, appellants Irving Farber and his wife Bess, but was driven by their son, Stanley Farber.

[3] "Every operator of a vehicle on approaching public highway inter-

At a point approximately forty feet before reaching the intersection, respondent William Parks looked to his right and did not observe any cars in that block up to the next intersection. Shortly before entering the intersection, he again looked right and observed the appellants' car to be "one hundred feet or more down the street," whereupon he started across North Sixth Street. There was nothing in the action of the appellant driver to indicate danger in crossing the intersection. The respondent did not form any opinion as to the speed of the appellants' vehicle, but there was evidence that it was traveling thirty miles per hour in a twenty-five-mile-per-hour zone. Respondent's car was partly out of the intersection when it was struck on the left rear fender by the bumper and right front fender of the appellants' car. Appellants' car left twenty-six feet of skid marks before the collision and six feet of skid marks thereafter. The respondent's car spun around, struck a curb and overturned on to its left side.

On the other hand, appellants' evidence was that their driver was not exceeding the speed limit. This was a dispute for the jury and not for the court, and here the evidence is viewed in the aspect most favorable to the respondent.

Both respondents, plaintiffs in the trial court, sued for personal injuries and property damage. The jury found for the respondents, and the appellants, defendants in the superior court, appeal from an adverse judgment upon the verdict.

Notwithstanding multiple assignments of error, the decisive issue is whether there was evidence that, *upon entering the intersection*, the respondent driver was deceived by the appellant driver.

There was evidence that the appellant driver was

sections shall look out for and give right of way to vehicles on his right, simultaneously approaching a given point within the inter- section, and whether his vehicle first reaches and enters the intersection or not: *Provided,* That this section shall not apply to operators on arterial highways or to vehicles entering an intersection which is posted with the 'Yield Right of Way' sign." RCW 46.60.150.

violating the speed limit; that the respondent driver observed traffic approaching from his right upon entering the intersection; and that respondent observed the appellants' car ninety-five to one hundred feet distant, from which he concluded that he had ample time to clear the intersection without difficulty. There was nothing to indicate to respondent that the appellant driver was violating the speed limit. Recently, in *Chavers v. Ohad, ante* p. 646, 369 P. (2d) 831, Judge Weaver, in writing the court's opinion, recorded the fact that thirty-one years have elapsed since the *Hadenfeldt (Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533) decision, and that it had been cited more than eighty times. In order to affirm this judgment, the court would be obliged to decide that a mere technical violation of the speed limit would invoke the *Hadenfeldt* deception rule. This we are unwilling to do.

With respect to the excessive speed necessary to invoke the deception test, the court held in *Chavers v. Ohad, supra:*

"A disfavored driver is entitled to have a jury consider whether he has actually been deceived by the alleged speed of the favored driver if the trial judge decides, as a matter of law, that the disfavored driver has met

" ' . . . the burden of producing evidence [that] . . . the favored driver . . . so wrongfully, negligently, or unlawfully operated his car as would deceive *a reasonably prudent driver* . . .' (Italics ours.)

"A mere violation of the speed limit is not sufficient, however; the evidence must show that the speed of the favored driver was so *excessive* that a reasonably prudent driver could have been deceived by it. The trial court must consider whether the evidence discloses that the disfavored driver was merely inattentive to the mandate of the statute or whether he simply took a calculated risk, estimating with a slide-rule eye that he could beat the favored driver through the intersection. In either case, the disfavored driver has not met the burden of proof as a matter of law."

So, too, in this case, in the most favorable aspect of the evidence, from the standpoint of the respondent, it is no more than that there was a technical violation of the speed limit. This is insufficient to satisfy the deception test and

the judgment must be reversed with directions to dismiss the action.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.

April 16, 1962. Petition for rehearing denied.