[No. 36637.    Department Two.    December 19, 1963.]

EMIL H. NOVIS et al., *Respondents*, v. JOHN D. TIPTON et al., *Appellants.**

*Tollefson & Tollefson* (*H. M. Tollefson,* of counsel) and *Weyer, Sandelin & Sterne* (*D. Scott Sandelin,* of counsel), for appellants.

*Gordon, Goodwin, Sager & Thomas,* for respondents.

HAMILTON, J.—The primary issue involved in this appeal is whether the driver of plaintiffs' automobile (the disfavored vehicle) was contributorially negligent in failing to yield the right of way at an arterial intersection. The trial court deemed the issue to be one of fact and submitted the question to the jury. From an adverse verdict defendants appeal, contending contributory negligence was established as a matter of law.

The automobile accident giving rise to this action occurred at about 3:30 p.m. on a clear, dry, December day, at the intersection of Proctor and North 13th Streets, in Tacoma, Washington.

*Reported in 387 P. (2d) 737.

Proctor Street, in the vicinity of the accident, is a level, north-south, two-lane, 30-mile-per-hour, paved arterial, approximately 30 feet in width, bordered on each side by a curb, parking strip, and sidewalk. It is intersected at 300-foot intervals by nonarterial, east-west, numerically designated cross streets, each about 30 feet in width. North 13th Street is one such cross street. The surrounding area is residential in nature.

Defendants' vehicle, a "red, shiny" 1955 Chevrolet, entered Proctor Street at North 26th Street, and was traveling south at a speed estimated to be from 40 to "at least" 60 miles an hour. Plaintiffs' vehicle, a 1951 Mercury, equipped with an automatic gear shift, was traveling east on North 13th Street, the driver intending to turn north on Proctor.

Upon arrival at the intersection, plaintiff driver stopped his vehicle abreast of the sidewalk in obedience to and 5 feet east of the posted stop sign. Both he and his wife then looked for approaching traffic on Proctor. Their view of Proctor Street, for four or five blocks both north and south, was clear and unobstructed. Both testified they saw no vehicle within three blocks north of the intersection, a distance of at least 900 feet. Plaintiffs' vehicle then entered the intersection, accelerated to between 10 and 15 miles an hour, traveled approximately 20 feet, commenced turning to the north, and was struck by defendants' southbound vehicle.

Defendant driver testified he first observed plaintiffs' vehicle entering the intersection when he was 100 to 150 feet distant, whereupon he applied his brakes and swerved to the left in a futile attempt to avoid collision. Other witnesses observed defendants' vehicle within three blocks of the intersection just prior to the collision. Defendants' vehicle laid down 105 feet of skid marks before impact.

Impact occurred within the northeast quadrant of the intersection. Major damage was inflicted upon the front of plaintiffs' vehicle and the right side of defendants' vehicle. Both vehicles were practically demolished.

Upon the factual situation presented the duties of plaintiff husband, as driver of the vehicle entering upon an arterial, are dictated by RCW 46.60.170,[1] as interpreted and applied in the light of the familiar rules first enunciated in *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533.[2] We have set out the statute and rules by footnote.[3]

The trial court did not instruct upon the doctrine of deception, and plaintiffs do not here argue or claim they were deceived by the excessive speed of defendants' vehicle or by a clear stretch of highway, within the contemplation of rule 4 of *Hadenfeldt.* Instead, it is plaintiffs' argument that, at the time and place plaintiff driver looked to the north, defendants' vehicle was either not in sight or was, at best, three to four blocks away (900 to 1200 feet), albeit approaching rapidly, *ergo,* a question of fact was presented as to whether plaintiffs had a reasonable margin of safety within the contemplation of rule 2 of *Hadenfeldt.*

---

[1]The Traffic Code of the City of Tacoma contains a similar provision.

[2]*Chavers v. Ohad,* 59 Wn. (2d) 646, 369 P. (2d) 831, and *Pollard v. Rossoe Mfg. Co.,* 56 Wn. (2d) 862, 355 P. (2d) 979, among others, hold the *Hadenfeldt* rules applicable to arterial intersections.

[3]RCW 46.60.170 provides, *inter alia:* "The operator of a vehicle shall stop as required by law at the entrance to any intersection with an arterial public highway, and having stopped shall look out for and give right of way to any vehicles upon the arterial highway simultaneously approaching a given point within the intersection, whether or not his vehicle first reaches and enters the intersection: . . ."

The *Hadenfeldt* rules, with appropriate interpolations are:

"(1) All rights of way are relative, and the duty to avoid accidents or collisions at street intersections rests upon both drivers.

"(2) The primary duty of avoiding such accidents rests upon the [disfavored] driver . . . , which duty he must perform with reasonable regard to the maintenance of a fair margin of safety at all times.

"(3) If two cars collide within the intersection, then they were simultaneously approaching a given point within the intersection, within the meaning of the statute, unless—

"(4) The [disfavored] driver . . . assumes and meets the burden of producing evidence which will carry to the jury the question of fact as to whether or no the favored driver on the right so wrongfully, negligently, or unlawfully operated his car as would deceive a reasonably prudent [disfavored] driver . . . and warrant him in going forward upon the assumption that he had the right to proceed." *Martin v. Hadenfeldt,* 157 Wash. 563, 567, 289 Pac. 533.

Defendants, on the other hand, assert that time, distance, and visibility factors, coupled with the fact of collision, indisputably and as a matter of law establish plaintiff driver's negligence in failing to maintain a proper lookout and to yield the right of way.

Upon the issue as so framed by the parties, and bearing in mind that plaintiff driver's view to the north on Proctor was clear and unobstructed, we are constrained to agree with defendants.

█ The difficulty with plaintiffs' thesis is that it either (1) compels the deduction that defendants' vehicle traveled some 900 feet during the time plaintiffs' vehicle traveled 20 feet, or (2) compels an admission that defendants' vehicle was visibly within striking range and plaintiff driver did not see that which was there to be seen. In short, plaintiffs' theory, if followed in this case, would isolate the fair margin of safety rule from its context, insulate it against the application of physical facts and laws, and substitute the reasonably prudent-man test for the standard of care imposed by the statute. The line of cases relied upon by plaintiffs[4] are distinguishable upon their facts, *e.g.*, time, distance, speed, and visibility. In any event, they are of limited and doubtful efficacy in the light of our decisions in *Chavers v. Ohad,* 59 Wn. (2d) 646, 369 P. (2d) 831, and *Mondor v. Rhoades, ante* p. 159, 385 P. (2d) 722.[5]

We are satisfied, upon the issue and facts as presented, the following language from *Wilkinson v. Martin,* 56 Wn. (2d) 921, 925, 349 P. (2d) 608, is dispositive of this appeal:

" . . . It appears that respondent had an unobstructed view to his left, . . . of approximately one fourth of a

---

[4] *Martin v. Westinghouse Elec. & Mfg. Co.,* 162 Wash. 150, 297 Pac. 1098; *McIntyre v. Erickson,* 168 Wash. 355, 12 P. (2d) 399; *Comstock v. Smith,* 183 Wash. 94, 48 P. (2d) 255; *Huber v. Hemrich Brewing Co.,* 188 Wash. 235, 62 P. (2d) 451; *Gibson v. Spokane United Rys.,* 197 Wash. 58, 84 P. (2d) 349; *Pyle v. Wilbert,* 2 Wn. (2d) 429, 98 P. (2d) 664; *Peerless Food Products Co. v. Barrows,* 49 Wn. (2d) 879, 307 P. (2d) 882; *Nelson v. Molina,* 53 Wn. (2d) 412, 334 P. (2d) 170; *Bown v. Fleischauer,* 53 Wn. (2d) 419, 334 P. (2d) 174.

[5] In fairness to the trial court and counsel, it should be noted that *Mondor v. Rhoades, ante* p. 159, 385 P. (2d) 722, had not been decided at the time of trial or argument upon this appeal.

mile, and that appellant was within this range at the time in question. Thus, we must view the situation as though respondent had seen appellant when respondent first pulled out into the intersection. A disfavored driver cannot escape the obligation which rests upon him by saying that he did not see an approaching automobile if such automobile was on the highway and plainly visible. *Hefner v. Pattee,* 1 Wn. (2d) 607, 96 P. (2d) 583 (1939). Since this collision occurred within the intersection, the respective automobiles were 'simultaneously approaching a given point within the intersection, within the meaning of the statute.' *Zorich v. Billingsley,* 52 Wn. (2d) 138, 324 P. (2d) 255 (1958), and cases cited. It was, therefore, the primary duty of respondent to avoid this accident by looking out for and yielding the right of way to appellant, the favored driver, as required by RCW 46.60.170. In failing to perform that duty, respondent must be held guilty of contributory negligence, as a matter of law, which proximately caused the accident, unless he can bring himself within the exception enunciated in the fourth rule of the *Hadenfeldt* case, *supra.*"

Since plaintiffs do not claim to come within rule 4 of *Hadenfeldt,* plaintiff driver must be held contributorially negligent as a matter of law, and the trial court erred in submitting such issue to the jury.

The judgment is reversed with directions to dismiss the action.

OTT, C. J., DONWORTH, FINLEY, and WEAVER, JJ., concur.

February 5, 1964. Petition for rehearing denied.