[No. 16387. Department One. June 22, 1921.]

## GEORGE A. CORUM et al., Respondents, v. GUST BLOMQUIST et al., Appellants.[1]

NEGLIGENCE (38)—ACTIONS—EVIDENCE—SUFFICIENCY. In an action for damages for the death by drowning of an minor son in a swimming pool, operated by defendants, a motion for nonsuit was properly denied, where, upon an issue as to whether defendant furnished a reasonably attentive and competent attendant, the evidence showed that the boy while using the pool was missing from ten to fifteen minutes without his absence being noted, and when brought out of the water breathed a few times under manual manipulation.

APPEAL (373)—REVIEW—SCOPE—THEORY OR GROUNDS—GRANT OF NEW TRIAL. An order granting a new trial will not be reversed on appeal, when the grounds upon which the trial court ruled do not appear in the record.

NEGLIGENCE (35)—ACTIONS—EVIDENCE—PREVIOUS ACCIDENTS—ADMISSIBILITY. In an action for damages for the death of a young child in a swimming pool, alleged as due to the negligence of the attendant to reasonably observe the movements of those using the pool, evidence of previous accidents therein is inadmissible.

Appeal from an order of the superior court for Grays Harbor county, Reynolds, J., entered October 13, 1920, granting plaintiffs' motion for a new trial,

[1] Reported in 198 Pac. 727.

after a verdict rendered by a jury in favor of plaintiffs, in an action for damages. Affirmed.

*William E. Campbell* and *Martin F. Smith*, for appellants.

*W. H. Abel* and *John D. Ehrhart*, for respondents.

MACKINTOSH, J.—The appellants operate a swimming pool in a building owned by them at Hoquiam, and on July 10, 1919, the respondents' eleven year old boy was there drowned. The complaint charges that the bed of the pool sloped from a few inches to eight feet in depth, and was a dangerous, yet attractive, place for small children, and that such children were likely to be injured or drowned, and that, with knowledge of these conditions, the appellants operated the pool without placing a responsible person in charge, and negligently committed the care of the pool to their daughter, a girl lacking in judgment, experience, skill or ability to safeguard the children who frequented the pool. The case was tried to a jury and resulted in a verdict for the respondents, who moved for a new trial, which was granted, and from that order the appellants bring the case here.

Appellants allege that the court committed error in granting the new trial and committed error in refusing to grant appellants' motion for a nonsuit. Upon the respondents' suggestion in their brief that the abstract of the testimony furnished by the appellants is inadequate, we have read the statement of facts, which discloses that the respondents produced no testimony of any negligence in the construction or operation of the swimming pool other than that relating to the failure of the employee in charge to be reasonably attentive. The testimony upon this point, which would entitle the respondents' case to be considered by a jury, was that the respondents' son

was missing for from ten to fifteen minutes without his absence being noted. This presented a question of fact for the jury to determine whether, if that statement is true (and it is open to some doubt for the boy, after being brought out of the water, breathed a few times under manual manipulation), a competent attendant, exercising reasonable care, should have discovered the boy's disappearance earlier than was actually done. There is no other element of negligence in the case, for there is no question that, after the discovery of the boy, everything that could be done by anyone was done and as speedily and efficiently as was humanly possible. Upon this attenuated string, the respondents rely to hold the liability of the appellants, which the jury tied with as attenuated a knot, having returned a verdict in the sum of one dollar. There being the evidence to which we have referred in the case, the court was not in error in refusing to grant the appellants' motion for nonsuit.

The grounds upon which the court granted respondents' motion for a new trial do not appear in the record, and under our rule which provides that the granting of a new trial will not be reversed under such conditions, we cannot do other than affirm the lower court.

Although it is not necessary for the decision of this case, in order to obviate the necessity for a further appeal in the event of a new trial, it may be said the evidence which was admitted relative to previous accidents in this swimming pool was improper for the reason that the only question of negligence, as we have seen in this case, is the failure of appellants' daughter to reasonably observe the movements and whereabouts of those using the pool. The judgment is affirmed.

PARKER, C. J., BRIDGES, FULLERTON, and HOLCOMB, JJ., concur.