[No. 17102.   Department Two.   October 13, 1922.]

GEORGE A. CORUM et al., Respondents, v. GUST BLOMQUIST et al., Appellants.[1]

APPEAL (473)—REVIEW—FORMER DECISION AS LAW OF CASE. Where the evidence on a second trial was not materially different from that offered on the first trial, the decision on the first appeal that the evidence made a question for the jury becomes the law of the case.

TRIAL (14) — CONDUCT — REMARKS OF JUDGE — COMMENT ON EVIDENCE. Upon curtailing the recross-examination of a boy nine years of age, the remark of the trial judge that he "has already said all he knows" is not prejudicial comment on the evidence justifying a reversal.

DEATH (20)—EVIDENCE (64)—DAMAGES—LOSS OF SERVICES—ADMISSIBILITY OF EVIDENCE—REMOTENESS. In an action for the death of a minor son nine years of age, on cross-examination of plaintiff, a question as to whether plaintiff would have been willing to have the boy go to the university if he had lived, is properly excluded as too remote and speculative.

Appeal from a judgment of the superior court for Grays Harbor county, Reynolds, J., entered October 13, 1921, upon the verdict of a jury rendered in favor of the plaintiffs, in an action to recover for the death of a minor son. Affirmed.

Wm. E. Campbell and Martin F. Smith, for appellants.

W. H. Abel and John D. Ehrhart, for respondents.

[1]Reported in 209 Pac. 702.

MAIN, J.—The plaintiffs brought this action to recover for the death of their minor son, which, it is claimed, was caused by negligence chargeable to the defendants. The trial to the court and a jury resulted in a verdict for the plaintiffs in the sum of $2,750. The defendants interposed a motion for judgment notwithstanding the verdict, and in the alternative for a new trial. Both of these motions were overruled, and judgment was entered upon the verdict, from which the defendants appeal.

The appellants maintain and operate a swimming pool in a building owned by them at Hoquiam, and on July 9, 1919, the eleven-year-old son of the respondents was drowned therein. This is the second time the case has been before this court. In the opinion upon the appeal from the first trial, 116 Wash. 196, 198 Pac. 727, it was held that whether the appellants were reasonably diligent in maintaining supervision of the pool was a question of fact for the jury. The evidence upon the second trial was not materially different upon this question from that offered upon the first trial, which was reviewed upon the former appeal and held to be sufficient to take the case to the jury. There was evidence from which the jury might have found that the boy was missing in the pool a period of ten or fifteen minutes before he was discovered.

It is first contended that the trial court erred in not granting the motion for judgment notwithstanding the verdict. Upon the authority of the prior opinion and upon the facts as they appear in the record in this case, this motion was not well taken and was properly overruled.

It is next contended that the court was in error in failing to grant the motion for a new trial for a number of reasons; the first contention on this branch of

the case being that there was error in the instructions given, and also that certain requested instructions should have been given. The respondents object to the consideration of the assignments of error relative to the instructions, claiming that no proper exceptions were taken. Assuming that the exceptions were sufficient to challenge the correctness of the instructions, there was no error in this regard. The instructions given properly covered the case and it was not error to refuse those which were requested. The issue tried was simple, and it is unnecessary here to review in detail the questions raised relative to the instructions.

The next question relates to a ruling of the trial court during the recross-examination of a witness, a boy nine years old. This witness was one of the boys in the pool at the time the son of the respondents was drowned therein. Upon re-direct examination, he was asked whether he knew the son of the respondents was in sight at a certain time or whether he thought he was at the bottom of the tank at that time. In reply he stated that he thought he was at the bottom then. On re-cross examination, he answered that he did not know where he was. In response to another question as to whether or not the deceased boy was splashing water, he said: "I guess—I don't know." Then a question follows which was: "You don't know where he was." At this time the court remarked, "Do not try to get the boy to say. He has already said all he knows." After a remark by counsel, the court further stated: "The jurors are the judges." It is claimed the remark of the court was a comment on the evidence and prejudicial error. The remark was addressed to counsel and was intended to embody the court's reason for not allowing the examination to proceed further upon that particular question. While the court probably used

inapt language, it was not of that serious nature which would justify a reversal. It does not seem that the appellants could have been prejudiced by the remark. The language of the court was no more objectionable than was that mentioned in *State v. McDowell*, 61 Wash. 398, 112 Pac. 521, Ann. Cas. 1912C 782, 32 L. R. A. (N. S.) 414, which was held not to be error.

The next question relates to the ruling of the trial court which arose on the cross-examination of the father of the boy who was drowned. This question was as to whether the father would have been willing that the boy, had he lived, should go to the university, if he had wanted to. An objection was made to this question and sustained. The question called for an answer upon a matter which was too remote and speculative to justify predicating error thereon. It does not call for an answer to the question as to the intention of the parent relative to the boy, but only as to whether the father would have been willing to send him to the university in the event he had wanted to go.

The appellants, to sustain their position, rely on the case of *Atrops v. Costello*, 8 Wash. 149, 35 Pac. 620. But the holding in that case does not support the position that the ruling complained of was prejudicial error. In that case the plaintiff was seeking to recover damages for the death of his minor daughter, and testified that she was a healthy child, industrious, capable, willing to work and handy about housework; that her parents were engaged in keeping a boarding house; that she was of great assistance to them in such employment, and that it was their intention to send her through the public schools. The defendants as a part of their case offered evidence, which was excluded, tending to show the expense relative to schooling, clothing and maintaining a child of her years, and the

value of the earnings of a child of the same character in the same situation, and this was held to be error. But that case does not reach the question here involved. The question had it been answered would have thrown no light upon the matters which the court there held were proper to meet the case made by the plaintiffs.

There are one or two other minor errors complained of, and while they have been considered, they are not of that character, it seems to us, to call for a detailed discussion. It is sufficient to say as to them that, in our opinion, they possess no substantial merit.

The judgment is affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.