[No. 18168.  Department One.  March 14, 1924.]

C. B. TOADVINE *et al.*, *Respondents*, v. NORTHWEST
TRUST & STATE BANK *et al.*, *Appellants*.[1]

APPEAL (473) — REVIEW — FORMER DECISION AS LAW OF CASE.
Where, on a prior appeal on the merits, a demurrer to the complaint
was overruled and no question raised thereon on appeal, the question
will not be considered on a second appeal on substantially the same
evidence; since both the ruling and all reasons therefor must be
presented on the first appeal.

SAME (379)—REVIEW—INTERLOCUTORY ORDERS ON APPEAL FROM
FINAL JUDGMENT.  Error in overruling a demurrer to the complaint
on the ground of insufficiency of the facts may be presented by
defendant on his appeal from an order granting a new trial.

APPEAL (142) — PRESERVATION OF GROUNDS — EXCEPTIONS TO IN-
STRUCTIONS.  Upon a second appeal on the same complaint after a
trial on the same facts which were held sufficient on the first appeal,
the complaint will be deemed amended to conform to the proof.

Appeal from a judgment of the superior court for
King county, Gilliam, J., entered May 11, 1923, in favor
of the plaintiffs, in an action for money had and re-
ceived.  Affirmed.

*McClure & McClure (Walter S. Osborn,* of counsel),
for appellant Seattle Labor Temple Association.

*Roberts & Skeel,* for appellant Northwest Trust &
State Bank.

*Mark M. Litchman* and *Kazis Krauczunas,* for re-
spondents.

HOLCOMB, J.—This case was before us on a former
appeal, decided in 122 Wash. 609, 211 Pac. 286.  That
appeal was from an order granting a new trial after a
verdict of the jury rendered in favor of the defendants,
the present appellants.

[1]Reported in 224 Pac. 22.

On that appeal error was assigned by all of the appellants upon the refusal of the trial court to sustain their challenge to the sufficiency of the evidence to support any verdict in favor of the plaintiffs in the case; the refusal to instruct the jury to return a verdict in favor of appellants, and the granting of the motion of respondents for a new trial. It was maintained that the evidence was such that appellants were entitled to a judgment as a matter of law, and that no error was committed in the course of the trial below which prejudiced respondents.

When the case was retried, it was retried upon substantially the same evidence and the same pleadings as in the former trial.

On this appeal appellants, appearing separately, urge as errors: (1) overruling the demurrer of appellant to the complaint; (2) refusing to instruct the jury to return a verdict in favor of each appellant; (3) denying the motion of each appellant for a new trial; and (4) denying the motion of each appellant for judgment n. o. v.

An additional error is claimed by appellant Northwest Trust & State Bank, in giving to the jury the following instruction:

"And likewise it is the rule that an agent having authority to collect checks has no implied authority to endorse thereon the name of his principal for the purpose of cashing the same;"

and the following instruction:

"Should you find from the testimony in this case that Harry Flitton, the financial secretary of the plaintiff Union, performed part or all of the duties of the treasurer of the Union, this by itself would not confer power upon him to endorse negotiable paper and cash checks payable to the order of the treasurer."

and this (to which no exception is shown):

"To entitle defendants to any credit on their first affirmative defense they must prove by a preponderance of the evidence that it was from the proceeds of the checks cashed by the Northwest Trust & State Bank, marked plaintiffs' exhibits B-1 to B-12 inclusive, and from no others that Flitton paid and disbursed money for the benefit of plaintiffs, if he did."

The insufficiency of the complaint was not presented to this court on the former appeal, nor urged as a ground of denying any relief to respondents in the case.

Respondents therefore urge, and we think correctly, that appellants, having demurred to the complaint before the first trial, which demurrer was overruled when the new trial was granted, and an appeal taken therefrom by these same appellants, they should have urged any and all grounds why respondents ought not to recover. In other words, that what should have been raised on the former appeal is presumed to have been raised.

"The general rule, supported by the great weight of authority, is to the effect that questions which might have been, but were not, raised or presented on a prior appeal, or, error, will not be considered on a subsequent appeal, or error; or, in other words, that, where the prior judgment was on the merits, nothing is before the court on a subsequent appeal but the proceedings subsequent to the first mandate, all matters occurring prior thereto, and which could have been adjudicated on the former hearing, being regarded as controlled by the 'law of the case' rule."

Note to *State ex rel. Garcia v. Board of Commissioners of Rio Arriba County,* 22 N. M. 562, 166 Pac. 906, 1 A. L. R. 720.

In *Perrault v. Emporium Dept. Store Co.,* 83 Wash. 578, 145 Pac. 438, we said:

"The law of the case as applied to the same facts, shown by the same evidence, was thus settled for all

time. This court has often said that it will not entertain appeals piecemeal. In an unbroken line of decisions we have consistently held that questions determined on appeal, or which might have been determined had they been presented, will not be considered upon a second appeal of the same action. As to such questions the first appeal conclusively settles the law of the case."

See *Corum v. Bloomquist*, 121 Wash. 499, 209 Pac. 702.

Where a party demurs to a pleading and receives an adverse ruling thereon, he must not only present such ruling for review at the first appeal, but he must present all reasons on which he bases his alleged error, or he will be deemed to have waived the same. *City of New Albany v. Lyons*, 69 Ind. App. 478, 118 N. E. 587, 1 A. L. R. 728.

Appellants insist that they could not raise the question of error in overruling the demurrer on appealing from the order granting a new trial.

We do not consider that contention correct. If the complaint failed to state a cause of action against either of the defendants under any theory, then no judgment in favor of plaintiffs in the case was justifiable when the new trial was granted, or when the verdict in favor of the defendants was entered. This is the same complaint upon which the former trial was had, and if it does not state facts sufficient to constitute a cause of action, that question should have been raised on the former appeal. Besides, the complaint would be deemed amended to conform to the facts proven at the trial. Section 1752, Rem. Comp. Stat. [P. C. § 7336]; *Gregg v. Gregg*, 117 Wash. 164, 200 Pac. 1084, and the former decision in this case decided as the law of the case that the facts were sufficient to go to the jury.

Law suits should not be tried piecemeal, either in the trial court or on appeal.

We are therefore convinced that appellants cannot be heard to urge now in this court on a second appeal that the complaint did not and could not consistently state a cause of action against either of the appellants.

All the other errors claimed are settled by the law of the case as stated in the former opinion.

The claim of error as to instructions given by the trial court, which were excepted to, raised by the appellant bank, is not urged by that appellant. We can, therefore, discern no error in them, of our own volition.

We can find no error on which appellants, or either of them, are entitled to rely, and the judgment is therefore affirmed.

MAIN, C. J., TOLMAN, MACKINTOSH, and PARKER, JJ., concur.