[No. 34321.   Department Two.   April 10, 1958.]

ELI ZORICH et al., *Respondents*, v. ROBERT BILLINGSLEY et al.,
*Appellants.*[1]

[1]Reported in 324 P. (2d) 255.

*Del Cary Smith* and *Del Cary Smith, Jr.,* for appellants.
*C. A. Orndorff* and *Joseph A. Simpson,* for respondents.

ROSELLINI, J.—This is an appeal from an order granting a new trial, after a verdict in favor of the defendants in a suit for damages growing out of an automobile collision which took place at an uncontrolled street intersection in the city of Spokane. The defendants' cross-complaint and affirmative defense of contributory negligence were removed from the consideration of the jury before the case was submitted. The new trial was granted because the court felt that, under the evidence and the instructions given, the only verdict supportable was one in favor of the plaintiffs, but that the jury should determine the amount of damages.

For brevity, Robert Billingsley will be referred to hereafter as though he were the sole defendant. The defendant, in his brief, claims he is limited on this appeal to an attack on the order granting a new trial; and therefore no error is assigned to the rulings whereby the cross-complaint and the issue of contributory negligence were

eliminated. In this, he is mistaken, since, as provided in Rule on Appeal 16, 34A Wn. (2d) 23, as amended, effective January 3, 1955 (RCW Vol. 0), where a new trial is granted, this court may pass upon and determine all the questions of law involved in the cause presented upon appeal and necessary to the final determination of the cause; and, under Rule on Appeal 17, the court will review any intermediate order or determination of the superior court which involves the merits and materially affects the judgment, appearing upon the record sent from the superior court.

■ However, since no error is assigned to the intermediate orders referred to above, they are not before this court for review; and the only question is whether the court was justified in holding that, as a matter of law, the plaintiffs established their allegations of negligence and proximate cause.

The primary allegations of negligence were that the defendant, who was proceeding west on Riverside avenue, at approximately 1:45 on the morning of June 8, 1955, and collided with the automobile driven by the plaintiff Eli Zorich, who was proceeding south on Washington street, failed to keep a proper lookout and failed to yield the right of way. There was also an allegation that Billingsley was under the influence of liquor at the time of the accident, but there was no evidence that he was in an intoxicated condition, although he had had a few drinks earlier in the evening. Another allegation was that the defendant was speeding; but, as the trial court observed, there was no evidence of excessive speed on the part of either driver, apart from the positions of the two vehicles after the collision. The defendant's automobile was turned completely around in the street, and the plaintiffs' automobile plunged through a store window, causing considerable damage.

■ As we observed in *Adkisson v. Seattle,* 42 Wn. (2d) 676, 258 P. (2d) 461, a trial court should be hesitant in submitting to the jury the question of the rate of speed merely from a consideration of the physical facts alone. It is evident in the memorandum opinion that the court did not consider that the jury should have rendered a verdict for the plain-

tiffs on the basis of either intoxication or excessive speed, but solely on the basis of the defendant Robert Billingsley's failure to keep a proper lookout and yield the right of way.

The evidence most favorable to the defendant was that he slowed his vehicle to about twelve miles an hour as he entered the intersection. At the corner of the intersection, he came abreast of a water truck which was parked to his right. At that point, he had a clear view of Washington street. He looked both ways, but did not see the plaintiffs' automobile approaching.

The defendant seeks to justify the jury's verdict on the basis of his testimony that he did not see the plaintiffs' automobile until he was upon it, contending that an inference can be drawn from this testimony that the headlights were not burning and/or that plaintiffs were traveling at an excessive rate of speed, with the result that he was deceived into believing that the right of way was clear.

■ The defendant cannot prevail in this contention because the jury was given no instruction on the defense of deception, and the court removed from the consideration of the jury the allegations that the plaintiffs were speeding and that their car lights were off. Consequently, if the verdict for the defendant was grounded upon one of these findings, the jury disregarded the instructions. The trial court recognized that the the jury undoubtedly had made this mistake, and properly set aside the verdict.

■ There is the further consideration that the defense of deception is not open to one who did not see the favored vehicle until an instant before the collision, since he could not have been deceived by the wrongful operation of it. *Smith v. Laughlin,* 51 Wn. (2d) 740, 321 P. (2d) 907. *Shultes v. Halpin,* 33 Wn. (2d) 294, 205 P. (2d) 1201, and cases cited therein. If a possible exception to this rule might exist where the favored vehicle was obscured by darkness and its lights were off, that is not this case. The defendant does not go so far as to say that the plaintiffs' automobile was rendered invisible because its lights were not burning. Such a contention could not stand, in the face of evidence that the streets were well lighted and the vehicle was of a light color.

█ The only defense on which the defendant can rely in support of the jury's verdict is his denial of the plaintiffs' allegations. Against the testimony of the defendant that he looked to the right several times as he entered the intersection and did not see the plaintiffs' automobile, were the facts that the streets were lighted by street lights; that plaintiffs' automobile was approaching at a reasonable rate of speed, and its headlights were burning; in short, that it was there to be seen. This places the defendant in the same position as that of the appellant in *Smith v. Laughlin, supra,* a case involving an intersection collision very similar to this one, wherein we applied the well-established rule that one will not be heard to say that he looked and did not see what was there to be seen.

RCW (Sup. 1955) 46.60.150 provides:

"Every operator of a vehicle on approaching public highway intersections shall look out for and give right of way to vehicles on his right, simultaneously approaching a given point within the intersection, and whether his vehicle first reaches and enters the intersection or not: . . . "

█ The fact that two cars collide within an intersection establishes that they were simultaneously approaching a given point within the intersection, within the meaning of the statute; and the disfavored driver may not escape liability for his failure to yield the right of way unless he proves that, as a reasonably prudent driver, he was deceived by the wrongful operation of the vehicle on his right. *Smith v. Laughlin, supra; Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533.

█ It was the primary duty of the defendant to avoid the accident by looking out for, and yielding the right of way to, the vehicle on his right. In failing to perform that duty, the defendant was guilty of negligence as a matter of law, which proximately caused the accident. In granting a new trial, the court could have limited the issue to the question of damages. Since the trial court was not so requested, we do not deem it advisable to so order.

The order is affirmed.

HILL, C. J., MALLERY, DONWORTH, and WEAVER, JJ., concur.