[No. 35190. Department Two. October 6, 1960.]

MAURICE A. POLLARD, *as Executor, Appellant,* v. ROSSOE MANUFACTURING CO., *Respondent.*

*N. P. Moats* and *T. M. Rosenblume,* for appellant.

*Carl P. Zapp* and *Leo A. Anderson,* for respondent.

¹Reported in 355 P. (2d) 979.

HILL, J.—This is an appeal from a judgment of dismissal, entered after the plaintiff had rested, which raises an issue as to the conditions under which a disfavored driver may be entitled to recover in an intersection collision case.

The disfavored driver entered a north-south arterial from the west, intending to cross the southbound traffic lanes, make a left turn and go north on the arterial. It must be assumed, for present purposes, that though the disfavored driver had not completed her left turn, she had crossed the southbound traffic lanes and was in the northbound lanes; and that, if the defendant's southbound oil truck had been entirely on its own side of the center line, there would have been no collision. The collision having occurred within the intersection, the issue is whether there is, as a matter of law, contributory negligence on the part of the disfavored driver barring recovery on her behalf. (The action is by the executor of her estate, the driver having been killed in the collision.)

Under our statute the disfavored driver had the duty to stop, to look out for approaching traffic on the arterial, and to yield the

". . . right of way to any vehicles upon the arterial highway simultaneously approaching a given point within the intersection, whether or not his vehicle first reaches and enters the intersection. . . . [1955 c 146 § 4; 1937 c 189 § 90; RRS § 6360-90.]" RCW 46.60.170 (Laws of 1955, chapter 146, § 4, p. 645).

■ The fact that two cars collide within the intersection establishes that prior thereto they were simultaneously approaching a given point within the intersection, and that the disfavored driver had not yielded the right of way. *Zorich v. Billingsley* (1958), 52 Wn. (2d) 138, 324 P. (2d) 255; *Hauswirth v. Pom-Arleau* (1941), 11 Wn. (2d) 354, 119 P. (2d) 674.

■ The disfavored driver, under such circumstances, has been permitted to recover only where his contributory negligence has been excused by proof that, as a reasonably prudent driver, he was deceived by the wrongful operation of the vehicle having the right of way; or where, despite

his own contributory negligence, the favored driver had the last clear chance to avoid the collision. *McDonough v. Foster* (1955), 47 Wn. (2d) 229, 287 P. (2d) 336.

 Neither deception nor last clear chance is suggested in this case; but appellant here urges a third basis for recovery on behalf of a disfavored driver, *i.e.*, if the disfavored driver has made it safely across half of the arterial, he is no longer negligent, as a matter of law, if involved in a collision with vehicles which should have been traveling on the half of the arterial he has cleared.

We are satisfied that it was to avoid just such split second timings, as would be involved in clearing half of an arterial, and the burden of choice which would be put on favored drivers by disfavored drivers trying to cross in front of them, that led the legislature to require disfavored drivers to look out for and give right of way to any vehicles upon the arterial highway simultaneously approaching a given point within the intersection.

The cases of *Nelson v. Molina* (1959), 53 Wn. (2d) 412, 334 P. (2d) 170, and *Bown v. Fleischauer* (1959), 53 Wn. (2d) 419, 334 P. (2d) 174, relied upon by the appellant, are not in point. In each instance the driver (who would have been the disfavored driver had there been an intersection collision) had proceeded beyond the intersection, and the rights and obligations involved were those of two cars proceeding in the same direction upon the highway. The case that is most closely in point is *Wilkinson v. Martin* (1960), *post* pp. 921, 926, 349 P. (2d) 608. Under strikingly similar circumstances (with the favored driver to the left of the center line at the time of the impact) the court, in holding that the disfavored driver was negligent as a matter of law, said:

" . . . Since this collision occurred within the intersection, the respective automobiles were 'simultaneously approaching a given point within the intersection, within the meaning of the statute.' *Zorich v. Billingsley,* 52 Wn. (2d) 138, 324 P. (2d) 255 (1958), and cases cited. It was, therefore, the primary duty of respondent to avoid this accident by looking out for and yielding the right of way to appellant, the favored driver, as required by RCW 46.60.170.

In failing to perform that duty, respondent must be held guilty of contributory negligence, as a matter of law, which proximately caused this accident, unless he can bring himself within the exception enunciated in the fourth rule [*i.e.*, deception] of the *Hadenfeldt* case [157 Wash. 563, 289 Pac. 533.], *supra*."

(We have heretofore suggested the possibility of the disfavored driver recovering despite his contributory negligence, if the defendant had the last clear chance to avoid the collision.)

The trial court ruled correctly that, as a matter of law, the disfavored driver's contributory negligence barred any recovery by her executor.

The appellant also predicated a cause of action on wanton misconduct and urged that he was entitled to recover on that theory. The requisites for such a cause of action, as laid down in *Adkisson v. Seattle* (1953), 42 Wn. (2d) 676, 258 P. (2d) 461, are not present in this case. We can see no possible basis for the claiming of wanton misconduct, and the trial court properly dismissed that cause of action.

Judgment of dismissal of both causes of action is affirmed.

WEAVER, C. J., FINLEY, ROSELLINI, and FOSTER, JJ., concur.