[No. 29369-9-I.   Division One.   April 6, 1992.]

PAULINE F. COX, ET AL, *Respondents*, v. GENERAL MOTORS CORPORATION, *Appellant*.

*Robert P. Karr, Mark R. Johnson,* and *Karr Tuttle Campbell (Richard A. Bowman, Mary E. Bolkcom, Bowman & Brooke,* and *Lawrence C. Mann,* of counsel), for appellant.

*Janet L. Rice, Paul W. Whelan,* and *Schroeter, Goldmark & Bender P.S.,* for respondents.

PER CURIAM. — Pauline Cox sued General Motors Corporation (GM) for damages sustained in an automobile accident. A jury verdict in GM's favor was rendered. Cox moved for a new trial. The motion was granted. GM appealed from the order granting a new trial pursuant to RAP 2.2(a)(9). In its notice of appeal, GM also sought review of several pretrial decisions. Cox filed a motion to strike that portion of GM's appeal involving the pretrial determinations. The motion to strike was denied by a commissioner of this court. Cox filed a timely motion to modify. We grant the motion to modify and grant the motion to strike.

## FACTS

On April 28, 1987, Pauline Cox sustained severe spinal cord injuries when her automobile left the highway and rolled over. The vehicle driven was a 1983 Chevrolet Camaro that was manufactured by GM.

After manufacture in 1983, the vehicle was sold to A&S Motors in Lincoln, Maine. A&S contracted with American Sunroof of New England to remove the hardtop from the vehicle and install a vinyl targa top. The modified vehicle was then sold to Lonnie Levesque in June 1983. The vehicle was purchased by Cox in 1984.

Prior to trial, Cox moved for partial summary judgment asking the court to rule that the jury could not apportion fault among GM, American Sunroof and A&S Motors. In turn, GM filed a cross motion for partial summary judg-

ment arguing that GM had no liability for the changes made to Cox's vehicle as a matter of law. The court granted Cox's motion for partial summary judgment and denied GM's.

GM filed a motion for reconsideration. The motion was denied.

Cox then filed a motion for partial summary judgment to strike GM's defense of intervening superseding cause. This motion was granted on April 22, 1991.

The matter then proceeded to trial on the merits. The jury rendered a verdict in favor of GM. Cox moved for a new trial. This motion was granted. The court entered findings and conclusions indicating that it was granting a new trial based upon the following four factors: (1) juror misconduct because one of the jurors consulted a dictionary to find the definition of proximate cause and shared it with other members of the jury, (2) GM was permitted to make a demonstration before the jury that was actually more of an impermissible experiment, (3) misconduct of GM's counsel in that he made a loud statement during plaintiff's rebuttal demonstration conveying an impression that the plaintiff was cheating and (4) GM failed to provide Cox with crash film evidence known as the "Malibu II" studies in a timely fashion.

GM filed a notice of appeal from the trial court's order granting a new trial. In that notice, GM also sought review of the pretrial rulings made by the trial court. Cox moved to strike that portion of the appeal challenging the trial court's disposition of the pretrial issues.

## ISSUE

In an appeal from an order granting a new trial is an appellant entitled to raise additional issues that are beyond the scope of the court's reason for granting a new trial?

## DECISION

Pursuant to RAP 2.2(a)(9) a party may appeal from a superior court order granting a new trial. The standard of

review applied in reviewing an order granting a new trial depends upon the reason given for granting the motion. As a general rule, the trial court's decision to grant or deny a motion for a new trial will not be disturbed on appeal absent a showing of a clear abuse of discretion. *Kramer v. J.I. Case Mfg. Co.*, 62 Wn. App. 544, 561, 815 P.2d 798 (1991). However, if the reason for the new trial was predicated upon an issue of law, then the appellate court reviews the record for error in application of the law rather than for abuse of discretion. *Schneider v. Seattle*, 24 Wn. App. 251, 255, 600 P.2d 666 (1979), *review denied*, 93 Wn.2d 1010 (1980). GM argues that the scope of review also includes decisions on pretrial motions. GM's position is not supported by common law authority or the present Rules of Appellate Procedure.

■ The common law rule is that an appeal from an order granting a new trial is generally limited to the trial court's reasons for granting a new trial. However, the appellant may also raise additional issues provided they would be dispositive of the case; for example, lack of jurisdiction. A failure to raise a dispositive issue in the first instance is construed as a waiver in the second appeal. This common law rule was established by several old Washington cases.

In *Toadvine v. Northwest Trust & State Bank*, 128 Wash. 611, 224 P. 22 (1924), the court held that Northwest Trust waived its right to appeal an adverse ruling on its demurrer to the pleading because it was not raised in Northwest's first appeal from an order granting Toadvine a new trial. The trial court had granted Toadvine's motion for a new trial based upon instructional errors. Northwest Trust appealed. The Supreme Court affirmed the grant of a new trial. *Toadvine v. Northwest Trust & State Bank*, 122 Wash. 609, 211 P. 286 (1922). The case was retried and Toadvine prevailed. On the second appeal, Northwest Trust attempted to argue that the trial court erred when it overruled Northwest Trust's demurrer to the complaint. The Supreme Court refused to consider the argument stating that the contention was

barred by the law of the case since it was not raised on the first appeal. The court stated:

> Appellants insist that they could not raise the question of error in overruling the demurrer on appealing from the order granting a new trial.
>
> We do not consider that contention correct. If the complaint failed to state a cause of action against either of the defendants under any theory, then no judgment in favor of plaintiffs in the case was justifiable when the new trial was granted, or when the verdict in favor of the defendants was entered. This is the same complaint upon which the former trial was had, and if it does not state facts sufficient to constitute a cause of action, that question should have been raised on the former appeal.

*Northwest Trust*, 128 Wash. at 614. The court went on to state that "[l]aw suits should not be tried piecemeal, either in the trial court or on appeal." *Northwest Trust*, at 615.

The following year, the Supreme Court had an opportunity to further refine the principle announced in *Northwest Trust*. In *Alto v. Hartwood Lumber Co.*, 135 Wash. 368, 237 P. 987 (1925), Hartwood Lumber appealed from an order granting Alto a new trial based on an instructional error. Hartwood conceded that there were instructional errors; however, it contended that "there were errors in the record, fatal to any right of recovery, occurring prior to the order from which the appeal is taken," and that these errors were properly before the court for review. *Alto*, at 369. The error alleged in *Alto* was lack of jurisdiction over Hartwood Lumber.

In considering the propriety of reviewing this issue, the court noted that the applicable statute stated

> "an appeal from any such order [that is, any appealable order previously defined in the cited section, of which an order granting a new trial is one] shall also bring up for review any previous order in the same action or proceeding which involves the merits and necessarily affects the order appealed from, . . ." The statute may not be strictly applicable to the case in hand, but whether it is or not, seemingly the rule contended for should obtain from the principle of the thing. If the record discloses a matter which must necessarily prove fatal to a recovery as a final result, the court should recognize and enforce it at the time it first appears. It would be a needless

waste of the time and the energy of both the court and the litigants to continue an action or proceeding where it is made to appear that there can be in the end but a single conclusion. We think such a matter appears in the present record; the trial court, we are constrained to conclude, was without jurisdiction of the person of the appellant.

*Alto,* at 369-70. Strangely, the *Alto* court did not even mention its prior decision in *Northwest Trust.*

The principle espoused in these two cases was reaffirmed almost 20 years later in *Kimball v. Moore,* 18 Wn.2d 643, 140 P.2d 498 (1943). *Kimball* involved an action for unlawful detainer. The jury returned a verdict in Kimball's favor. Moore moved for a new trial and the motion was granted. Kimball appealed from the order granting a new trial and also assigned error to the trial court's admission of certain testimony offered by Moore over Kimball's objection. *Kimball,* at 645.

The Supreme Court first considered the court's grant of a new trial. The court concluded that the trial court did not err in granting a new trial. *Kimball,* at 651. The court then turned to the evidentiary question and declined to consider the issue. The court stated:

> [w]e will assume, without now so deciding, that some portions of that evidence were objectionable and should not have been admitted. However, in our opinion, appellant cannot raise that question upon this appeal. Whatever error the trial court may have committed in that respect was cured by the verdict, which was in appellant's favor. The only questions properly reviewable upon an appeal are those questions which are involved in the judgment or order from which the appeal is taken, and an order granting a new trial cannot be assailed by the party in whose favor the verdict was rendered, merely on the ground that the trial court committed error against such successful party.

*Kimball,* at 652. The court acknowledged that an exception to this rule had been recognized in *Alto v. Hartwood Lumber Co., supra,* when the alleged error would be fatal to any right to recovery. However, the court concluded that the evidentiary issue raised by Kimball did not fall within the exception. *Kimball,* at 653-54.

In sum, the common law rule derived from these cases is that an appeal from an order granting a new trial is limited to a review of the propriety of the grant of the new trial with one exception. If additional issues are presented that would be conclusive of the action as a whole those issues should be raised, and, if not, they will be considered waived if raised on a subsequent appeal.

This rule represents sound policy. Early consideration of dispositive issues will ultimately conserve judicial resources and the resources of the litigants. *See Newell v. Peters*, 406 S.W.2d 814 (Mo. Ct. App. 1966) (in an appeal from an order granting a new trial, the appellate court considered the propriety of the trial court's ruling on a motion for directed verdict in order to save the parties the trouble and expense of a new trial). However, the appellate court should avoid issuing advisory opinions on nondispositive issues that arose in the first trial which may, or may not, recur in the retrial.

GM attempts to defeat application of this rule by referring to the later case of *Zorich v. Billingsley*, 52 Wn.2d 138, 324 P.2d 255 (1958). *Zorich* involved an appeal from an order granting the plaintiff a new trial. In one paragraph, *Zorich* appears to overrule *Kimball*, *Alto*, and *Northwest Trust* without even mentioning them. However, a closer review indicates that the *Zorich* holding is not inconsistent with the prior cases. In *Zorich*, the court stated that:

> [t]he defendant, in his brief, claims he is limited on this appeal to an attack on the order granting a new trial; and therefore no error is assigned to the rulings whereby the cross-complaint and the issue of contributory negligence were eliminated. In this, he is mistaken, since, as provided in Rule on Appeal 16, 34A Wn. (2d) 23, as amended, effective January 3, 1955 (RCW Vol. 0), where a new trial is granted, this court may pass upon and determine all the questions of law involved in the cause presented upon appeal and necessary to the final determination of the cause; and, under Rule on Appeal 17, the court will review any intermediate order or determination of the superior court which involves the merits and materially affects the judgment, appearing upon the record sent from the superior court.

However, since no error is assigned to the intermediate orders referred to above, they are not before this court for review . . ..

*Zorich*, at 139-40.

Zorich is easily distinguished from *Kimball*, *Alto*, and *Northwest Trust* because the decision in the three latter cases was not based upon the interpretation of court rules. In fact, in *Alto* the court expressly acknowledged that under the language of the statute applicable at the time, review of the jurisdictional issue raised by appellant was not proper in an appeal from the order granting a new trial. The court, nonetheless, decided to review the issue under common law principles. *Alto*, at 369. Likewise, *Kimball* and *Northwest Trust* relied upon application of common law principles. Accordingly, to the extent that *Zorich* expanded the scope of appeal from an order granting a new trial, the holding is based solely upon the interpretation of former Rules on Appeal 16[1] and 17.[2] Because the rules relied upon by the court in *Zorich* are not applicable to the case at bar, *Zorich* is of limited utility.

---

[1] "RULE 16
"**POWERS OF SUPREME COURT**
"Upon an appeal from a judgment or order, or from two or more orders with or without the judgment, the supreme court will affirm, reverse or modify any such judgment or order appealed from, as to any or all of the parties, and will direct the proper judgment or order to be entered, or direct a new trial or further proceedings to be had; and, if the appeal is from a part of a judgment or order, will affirm, reverse or modify as to the part appealed from. The decision of the court shall be given in writing, and no cause shall be deemed decided until the decision in writing is filed with the clerk. In giving its decision, if a new trial is granted, the court may pass upon and determine all the questions of law involved in the cause presented upon such appeal and necessary to the final determination of the cause. Without the necessity of taking a cross-appeal, the respondent may present and urge in the supreme court any claimed errors by the trial court in instructions given or refused and other rulings which, if repeated upon a new trial, would constitute error prejudicial to the respondent."

[2] "RULE 17
"**WHAT MAY BE REVIEWED**
"Upon an appeal from a judgment, the supreme court will review any intermediate order or determination of the superior court which involves the merits and materially affects the judgment, appearing upon the record sent from the superior court."

■ Unlike the rules relied upon in *Zorich,* the current Rules of Appellate Procedure do not permit such a broad review in an appeal from an order granting new trial. RAP 2.4(b) states that an appellate court will review a trial court order not designated in the notice of appeal if the order was entered before the appellate court accepts review and "the order prejudicially affects the decision designated in the notice." While the pretrial orders were entered prior to GM's appeal, they did not prejudicially affect the order granting a new trial. None of the issues raised in the pretrial are even remotely related to the reasons given by the trial court for granting a new trial.

In summary, GM cannot establish that it is entitled to appeal the trial court's pretrial rulings under the common law rule governing the scope of appeal from an order granting a new trial because none of the pretrial issues would be conclusive of the litigation. Likewise, GM is not entitled to review of the pretrial motions under the present formulation of the Rules of Appellate Procedure because the pretrial orders did not prejudicially affect the order granting a new trial. The motion to modify the commissioner's ruling is granted and Cox's motion to strike is granted. The case will proceed on the sole issue of the propriety of the trial court's grant of a new trial.